IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OLIVER BATTIE, JR., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:22-cv-00624-X (BT) |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Oliver Battie, Jr., a state prisoner, has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. For the following reasons, the Court should transfer Battie's petition to the Fifth Circuit Court of Appeals as successive.

I.

A jury convicted Battie of sexual assault on June 26, 2014, and the court sentenced him to life imprisonment. *See State v. Battie*, No. F12-12860-R; *see also* Pet. 2 (ECF No. 3). His conviction and sentence were affirmed on appeal on October 13, 2015, Pet. 2, and the Texas Court of Criminal Appeals later denied habeas relief without a written order on the trial court's findings and dismissed his successive application. *Ex Parte Battie*, No. WR-86, 351-01 (Tex. Crim. App. Feb. 15, 2017); *see also* Pet. 4.

1

On April 29, 2017, Battie filed his first petition for writ of habeas corpus in this Court. *See Battie v. Davis*, No. 3:17-cv-1191-D-BK, ECF No. 3. The United States magistrate judge recommended that the petition be denied. (No. 3:17-cv-1191-D-BK, ECF No. 20.) On October 3, 2018, the District Court adopted the magistrate judge's findings, conclusions, and recommendation, denied the petition, and denied a certificate of appealability. (No. 3:17-cv-1191-D-BK, ECF Nos. 25, 26.)

In the current petition, Battie argues that he is "being unlawfully confined in prison or restrained." Pet. 6. Specifically, he contends:

(1) his trial attorney provided ineffective assistance at trial when he:

   a. failed to properly advocate on his behalf;

   b. provided erroneous advice by advising him to enter a straight "not guilty" plea when doing so prevented him from pleading "not guilty by reason of insanity;"

   c. advised him not to take the witness stand; and

   d. failed to conduct a proper investigation.

(2) his appellate attorney provided ineffective assistance on appeal when she:

   a. failed to properly advocate on his behalf; and

   b. failed to consult with him before filing an *Anders* brief.[1]

---

[1] The purpose of filing a brief under *Anders v. California*, 386 U.S. 738, 744 (1967), is two-fold: (1) it serves as proof that counsel adequately reviewed

II.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) limits the circumstances under which a state prisoner may file a second or successive application for habeas relief in federal court. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Publ. L. 104-132, 110 Stat. 1214 (1996). To raise a claim in a second or successive § 2254 petition, a prisoner must show: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. *See* 28 U.S.C. § 2244(b)(2). Before a petitioner files a successive petition in the District Court, a three-judge panel of the Fifth Circuit must determine whether he makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B).

A petition is deemed successive when it raises a claim that was or could have been raised in an earlier petition, or otherwise is an abuse of writ. *Hardemon v. Quarterman,* 516 F.3d 272, 275 (5th Cir. 2008). However, a second petition is not successive when the first petition was dismissed due to prematurity or for lack of exhaustion. *Stewart v. Martinez-Villareal,* 523

---

the case, and (2) it guides the court in determining there is no need for an adversarial proceeding.

U.S. 637, 643-46 (1998). This is so because "dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Id.* at 645.

Battie's claims that his trial and appellate attorneys provided ineffective assistance of counsel could and should have been addressed when he filed his first petition. Battie fails to demonstrate his claims were not available to him at that time. *See Hardemon,* 516 F.3d at 275. Rather, the errors Battie raises in his petition were previously known to him. After all, he was convicted in the trial court on June 26, 2014, and his conviction was affirmed on appeal on October 13, 2015. Battie's first petition was filed on April 29, 2017, almost two years after his conviction was affirmed on appeal.

In sum, Battie raises ineffective assistance of counsel claims that could have and should have been addressed in his initial petition. Therefore, the pending petition is successive. The Fifth Circuit has not issued an order authorizing this Court to consider Battie's successive petition. Battie must obtain such an order before he may file another petition for habeas relief under § 2254.

### III.

The Court should TRANSFER Battie's petition for a writ of habeas corpus to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps,* 127 F.3d 364, 365 (5th Cir. 1997).

**SO RECOMMENDED**

Signed March 29, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996).*