UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OLIVER BATTIE, JR., | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | No. 3:22-CV-0624-X-BT |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| *Respondent*. | § | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case. [Doc. No. 5]. The Magistrate Judge concluded that Oliver Battie, Jr.'s "petition is successive" and that the Fifth Circuit must first "issue[] an order authorizing this Court to consider Battie's successive petition" before the Court can take any action on it.[1]

Battie filed objections. First, he contends that his petition alleges "actual innocence."[2] But Battie could have raised that argument in his prior petition, so that doesn't negate the successive nature of his petition.[3] Second, he contends that

---

[1] Doc. No. 5 at 4.

[2] Doc. No. 8 at 1.

[3] *See Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008) ("[A] petition is successive when it . . . raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition." (cleaned up)).

1

his ineffective-assistance-of-counsel claim wasn't discoverable because of his "mental disabilities that limited and altered his [] reasoning."[4]   But the test for successiveness hinges on whether the issue in the new petition "could have been raised" in earlier proceedings.[5]   That's an objective test—not a subjective one—so Battie's subjective mental state isn't relevant.   Even setting that aside, Battie fails to argue he was "incapable of consulting with counsel or understanding the proceedings against him," so he hasn't explained why his ineffective-assistance-of-counsel claim was undiscoverable.[6]

Accordingly, the Court reviewed *de novo* those portions of the proposed findings, conclusions, and recommendation to which objection was made, and reviewed the remaining proposed findings, conclusions, and recommendation for plain error.   Finding none, the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge.   The petition for a writ of habeas corpus under 28 U.S.C. § 2254 is **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit.[7]

---

[4] Doc. No. 8 at 2 (asserting that Battie is "bipolar" and has "schizophrenia").

[5] *Hardemon*, 516 F.3d at 275.

[6] *Thomas v. Dir., TDCJ-CID*, No. 4:09CV644, 2016 WL 4988257, at *9 (E.D. Tex. Sept. 19, 2016), *aff'd sub nom. Thomas v. Lumpkin*, 995 F.3d 432 (5th Cir. 2021).

[7] *See In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

**IT IS SO ORDERED** this 15th day of February, 2023.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE